Good afternoon and may it please the court. I'm Joshua Weiss from the Federal Public Defender's Office here on behalf of Appellant Wilfredo Lopez. I would like to reserve three minutes for rebuttal and I'll of course keep my eye on the clock and I intend to focus on count one and the rule of completeness of the entire issue but I would of course be glad to answer any questions the court might have. As to count one, Mr. Lopez was charged with attempting to entice a minor to engage in sexual activity that would constitute a criminal offense. That's under section 2422. An element of that statute requires proof that the object's sexual activity could actually be prosecuted under a particular criminal law in the jurisdiction where the conduct took place. So for example, if a defendant were to attempt to entice a minor in California, he cannot be in Montana. Counsel, has the Ninth Circuit ever held that the object statute needs to actually be listed in the indictment? Well, your honor, I believe U.S. v. Tello is clearest on this point where it emphasizes that this is an element of the offense that it could be prosecutable and then it discerns whether because in that case the government charged three California underlying statutes as the object sexual activity, the court asked whether those statutes were prosecutable. It did not ask... No, I understand that aspect but have we ever held that the statute actually needs to be in the indictment? Well, I think that derives from the point that in general, each element of an offense must be specifically charged in an offense. Would you consider each element of the offense committing a crime for which you could be prosecuted? A sex crime for which you could be prosecuted? Well, I would just go back to Tello for a moment because there was no dispute there that the object sexual activity would have been prosecutable in Arizona where the defendant intended to take the victim to engage in sexual activity with her. So the court analyzed... If the government here had put in the indictment that the object sexual offense was section 2243A, that would have worked, right? 2243, yes, the sexual abuse of a minor. So why isn't the specification of the Guam statute surplusage? Didn't they have evidence from which a jury could have found the 2243A sex offense which is certainly similar on these facts to the Guam sex offense? Well, your honor, I think it's... I would point to U.S. v. DuBose, for example, as a kind of elemental principle here that... And if I could quote from that opinion to the court, an indictment's failure to recite an essential element of the charged offense is not a minor or technical flaw, excuse me, but a fatal flaw. And what we have here is this court has emphasized repeatedly that what we need to prove is that the sexual activity would have been provable under... I take your honor's question initially whether there has to be a particular underlying offense proven, but I think... May I interrupt for a second? Is it your claim that in Guam they can prosecute only the completed offense of investment of sexual touching of a minor? Isn't there also an enticement? Sure, your honor. So the federal charge here... I'm sorry, your honor. Go ahead. I'm sorry. Mr. Lopez was charged with attempting to entice a minor to engage in sexual activity, and there's no question that that is a fair charge under the federal criminal code, but the element of that offense is that the attempt was to entice a minor to engage in a particular sexual activity that would have violated a particular criminal law for which he could have been prosecuted. And the issue is not the attempt versus the completed act of the sexual activity, but the question is whether the sexual activity here, which was all intended to occur on the military base, could have been prosecuted under the Guam Act. The evidence is that Lopez took substantial steps in Guam, not on the air force base or on the military base, to complete his enticement of Britt, the 13-year-old. And so he could have been charged with attempted enticement in Guam, correct? I understand your honor's question better now. So, yes, the government emphasizes that Mr. Lopez sent emails from his residence in Guam to agree that all the emails were about sexual activity on the military base. But my point, my response to that is that the question is not whether Mr. Lopez could have been charged with the enticement under Guam's laws. That was a federal charge. The issue is whether the underlying sexual activity could have been charged under Guam's code. And there is no dispute that the sexual activity here was going to occur on a military base. Counsel, why couldn't he have been charged under Guam Statute 13.10, 9GCA 1310 for attempt, which is why couldn't he have been charged with enticing and the object crime attempt to commit first-degree sexual assault. And he did do things in Guam outside the military base that could have constituted the 1310 offense. Why wouldn't that have worked? Well, I would first point out again that that was not the charge that was indicted here. What we had was 25.15. There's a variance there. There's a variance between the Guam charge with which he was cited and the one that could have been charged, right? Now the question is, is that variance so fundamental to the defense by this defendant that it prejudices his defense? His defense had nothing to do with whether he attempted or didn't attempt to entice. His defense, strange as it might seem, was that he knew at all times that this was a setup by the police and that he was doing it to be expelled from the military so that in consequence thereof he could get rid of his alimony payments to his wife. So that defense has nothing to do with whether the sexual completed crime or the attempted crime made a difference to him. Yeah, your honor. Well, we do raise this as a sufficiency challenge and I would just push back on the idea that sending the emails is an attempt to engage in the sexual, is enough to constitute the substantial step toward actual sexual activity as opposed to towards the enticement, which was the federal charge. And I would emphasize also that we raise this as a sufficiency issue and also as a jury instructional issue. At the least, I think that is a question that should have been put to the jury, whether there was sufficient conduct that occurred in Guam in order to constitute a substantial step here. But the jury instruction did not clarify at all what the elements of the Guam statute charged with. Counsel, I mean, your trial counsel didn't object, but I take it you also are arguing that none of this matters even if there is a different statute, because one of the elements of the offense is the statute is committing the statute that was charged. There wasn't sufficient evidence there, and even if the government could have proceeded in a different way, your client was prejudiced because the government didn't provide evidence sufficient to prove the offense that was actually charged in the indictment. Yes, well, with respect to the sufficiency challenge, I just the way a rule 29 motion works, it does not ask whether there was prejudice. It's just once the jury's in panel, the government presents its case. If there is insufficient evidence to support the government's charge, then acquittal must be entered on that challenge. I wasn't sure if your honor was asking about the jury instruction. No, I'm asking about this. It's your view that the government is bound by the statute they listed in the indictment, basically, in terms of what they have to prove. Yes, and you know, well, again, once the jury's in panel, then the government presents its case. At that point, rule 29 instructs if the evidence was insufficient to prove the elements of the charge that the government brings a case based upon, rule 29 is not flexible on this. It says the court must enter an acquittal at that point, and it does not raise the question of prejudice or not. Whether this could be re-indicted separately under a different statute would be, I think, a question for revamped. You know, whether there's double jeopardy issue is a separate question, but on this charge, there was insufficient evidence to support the elements that the government charged here. You also wanted to talk about the rule of completeness. Yes, thank you, your honor. So I just wanted to emphasize that this court and rule 106 of Federalist of Evidence are clear that where editing creates a misleading impression about the recording, the evidence must be corrected. And the party introducing a recording cannot hide behind the hearsay rules to simply shield itself from having to correct misleading editing. Counsel, I certainly at least lean toward giving you that the trial court erred, but I watched the tape, and it's hard for me to see how your client was prejudiced. I mean, I understand the lines about what he did and didn't believe, but there's an awful lot in that tape that wasn't shown to the jury that's for your client, like lying about whether the pictures of his sex organ came from the internet were actually his, and then admitting he did that. So how were you prejudiced? Because what you asked for was not that other snippets be introduced, but that the whole tape be introduced, and there's a lot of bad stuff for your client on that tape. Understood, your honor. But I think I can't emphasize enough how harmful what did came in was compared to that full tape, because the full tape showed some confusing statements, but a consistent story that was identical to the story that Mr. Lopez testified to in trial, specifically that he knew that these were military agents and that he was trying to get out of the military. And the court, the district court, who was the only fact finder who actually saw the complete tape, commented multiple times both during the trial and at sentencing about the fact that his story was consistent from the moment he was arrested all through trial. But what the jury saw instead was a confession, a distorted confession that made it seem as though he was actually admitting to attempting to talk to a minor upon arrest. And then 10 months later, him testifying to this other story. And because of that, the supposed confession undermined his only trial defense that he presented. And in addition, it allowed the government to argue, which the government did argue in its closing, that the jury should discount his testimony because it amounted to a story he came up with 10 months later, whereas it actually was consistent. And not only was it consistent, but again, what we had was... Although you're, I mean, I understand your client didn't get to show the tape, but your client did testify without any cross-examination that I did say that to the agents when I was arrested, right? Sure. But I think that is a quite different situation where the jury sees 11 videos of my client confessing to the charged crime saying, yes, I was talking to a minor, whereas the actual non-edited clips show him actually saying the exact same thing he testified to. And then, you know, seeing that supposed confession and then hearing him testify about the opposite is not very credible. And the government pointed this out in his testimony without his own statements undermining his own testimony. So that was quite different. Did you want to reserve the rest of your time, counsel, and we'll give you some extra time as well. All right. Counsel for the government, when you're ready. May it please the court, Rosetta St. Nicholas, on behalf of the United States, the appellee. I'd like to just comment about, well, I'll start with the video excerpts since those are the most recent. Our position is that the video excerpts were not misleading at all. What was going on was the district court was simply keeping out impermissible self-serving hearsay after a very careful interview. Counsel, did you object to the inadmissible self-serving hearsay when the defendant testified about what he told the agents? Because it would be the same impermissible self-serving hearsay, right? No, your honor. The objections that I made when the defendant testified dealt with leading questions. Right. But you could have made the same objection, but you didn't when he testified, right? Yes, your honor. And you argued in your closing, what counts is what happened between October 30 and November 22, not the excuses that he comes up with 10 months later. So you get the tape kept out, say the rule of completeness isn't applicable, and then you argue to the jury in closing that he's come up with this supposed new story 10 months later when he came up with the same story on the tape. Is that a fair argument for the tape kept out? Well, given your honor that the testimony that the defendant did testify as to the length of the interrogation and the content, we believe that it is a fair argument. The defendant was able to testify at length for 55 pages of the transcript. He was able to get all of his excuses and justifications out before the jury. For example, he talked about his three girlfriends, his wife. But isn't your remark about 10 months later, aren't you suggesting recent fabrication to the jury? I mean, it may all have been fabricated, but if he fabricated it, he fabricated it 10 months ago as well as a trial, right? Doesn't your closing improperly suggest that he came up with it just as trial testimony? No, your honor. I believe it doesn't because the defendant did talk about what happened during that long interview that that started when it was daylight and ended at night. It was clear to the jury that those statements were that what he was testifying to was something that had happened during the interrogation. In fact, it was clear on the record that all this happened after he was interviewed, that it went on what he felt like forever. And then he got his, this is what he told them then. All the self-serving hearsay statements. So I don't believe that it was impermissible argument. Your honor, with regard to the video excerpts, we don't believe that they were misleading at all. The court saw the entire transcript. She saw the entire video that was on ER-190. She even had a flash drive, ER-356. She had the transcript and she only permitted the admission of the government's exhibits to exclude the self-serving hearsay. And so our position is that she did not err by making that choice to exclude self-serving hearsay. And the clips were not misleading. Notably, the defendant, when we went during the trial, gave the court two choices. It was an all or nothing. He asked the court on excerpts of records two, three, and four, put the whole thing in or in ER-439 and 40, keep the entire thing out. So he gave the court only two choices. It either all comes in or it all stays out. And the decision of the court was simply to keep out the hearsay, and so we believe that it was an error. If the court did find that the excerpts were misleading, we believe that this was harmless because the defendant testified at length. He testified that the interview lasted for hours, ER-279. He testified the sun was still out when they picked me up, and when we left it was dark out, ER-280. He then referred to the 55 pages of transcript from 238 to 293. He presented his justification, his explanation, his defenses, and they're varied. He was permitted to say, this is what I told the agents then. I was role-playing. Oh, no, I was doing this because it was funny. Oh, I did this because the sting was not believable. Oh, I did this because I wanted to get out of the Army. I was trying to get kicked out, but they wouldn't kick me out for a physical fitness exam. Then he also testified, well, you know, I was doing surveillance on them. He even got, I'm sorry, I was just going to suggest maybe you should get to the count one argument. Yes, Your Honor. All right, as far as count one, Your Honor, with the, in the 2422B cases, federal indictments regularly state the object offenses because the object offenses are almost generic. They define the type of the sex act that the defendant is seeking. So he's seeking to pursue the pursuit of sexual gratification, but that does not mean... Counsel, if we were to reject the government's position that the defendant could have been theoretically prosecuted for 25.15A1, say that A, it's not assimilated, and B, he couldn't have been prosecuted because the object was going to be, the sex act was going to be on base. If we rejected both of your arguments, do you lose us to count one? Is the court asking... If we find that he could not have been convicted of 25.15A1, do you lose us to count one? That there was no possibility because A, it's not assimilated under the Assimilative Crimes Act, and B, he couldn't have been realistically charged or convicted because contrary to the government's arguments, the sex act could only have happened as proposed on base. Do you lose... Your Honor... Go ahead. We would lose. We would lose on the 2422B count, but if the government were to lose, that would be tantamount to adding elements of the offense. That would be adding, essentially, oh, you have an assimilated act offense, and the government has to prove that as well. You have to prove that the offense could have been charged on Guam, but also you would have had to prove the elements of what is essentially a generic definition. And so we believe that... You chose what to put in the indictment. Why wouldn't you have put 22... Why wouldn't you have put the federal offense 2243 in the indictment? I mean, you obviously could have proved that. Because, Your Honor, this was not a 13 case. Here on Guam, this was not an Assimilated Crimes Act case. Here on Guam, we are accustomed to ACA or Section 13 offenses. We're in a unique position where we have military bases, the Navy and the Air Force. This is not an Assimilated Crimes Act case. This is not a Section 13 case. In fact, the fact that the ACA was raised actually came as a surprise to the government because it was not even invoked in 2422B. We believe that ACA is not applicable, and to seek that outcome would be to add elements unnecessary to 2422B. I'm sorry. I'm not sure I understand your argument. In your brief, you argued that this was a crime that could be assimilated. In other words, you could have charged this in another circumstance for a sex act on base. Isn't that your argument in your brief? Our argument is that this happened, that this could have been charged on Guam because the defendant's text messages and his email, he formulated the intent while off base, sending the emails to on base. But didn't you also argue in your brief that under the Assimilated Crimes Act, the substantive crime could have been assimilated? That it was not error, that the Assimilated Crimes Act was not violated. We argued under the Lewis test that if the court finds that the ACA is applicable, there would be no violation because Guam's laws would not rewrite federal statutes. And that 2422B is not applicable and 2422 does not preclude the application of state law. Counsel, my research, such as it is, I mean, maybe not exhaustive and maybe it's my law clerk's research. I haven't found one of a sex crime anywhere in the country being prosecuted through the ACA. Are you familiar with any state or territory sex crimes being assimilated pursuant to the ACA? No, no. I mean, the ACA are things like burglary, DUI, EPA violations, postal office trespass and inmate assaults. That's when the ACA is applicable. Yeah, counsel, I mean, this is neither here nor there, but I prosecuted these kinds of crimes in Hawaii for eight years and I never assimilated a Hawaii crime and I've never heard of anybody doing it. So why do you think that he did off base, which was some of the enticement, would have allowed Guam to charge the substantive offense which required penetration? The defendant could be charged with the violation of 2515. That's the Guam statute. His texts were sent by his own testimony from off base. That's in the record on 238-242 and so venue is Guam. Regardless, Guam, we do not have to prove the object offense for 2422B because as the case law is clear, the offense is completed when the persuasion, inducement and enticement is completed. Right, the offense is concluded when the enticement is completed, but the object crime still has to be realistically prosecutable and the object crime requires penetration. I mean, sexual penetration. And if that was only going to take, if that could only have realistically here taken place on base, I don't see how Guam could have prosecuted it. Guam could have prosecuted an attempt, an attempt to engage in first degree criminal sexual conduct. The defendant intended to engage in first degree criminal sexual conduct. That's in the record on 104-166-168 and 169. At least four points, your honor, in the transcript and in the record, he wanted to engage in sex on those four pages. Did you ever make the argument in your brief that Guam could have proceeded under 9GCA-1310 for attempt? Is that anywhere in your answering brief? No, your honor. No, your honor. And I thought in answer to my question a few minutes ago, you conceded that if you couldn't prosecute, if Guam couldn't actually prosecute for the substantive crime you lost on count one, do you want to retract your concession? Yes, your honor, I do. Okay. Your honor, thank you. I do not believe that the Ninth Circuit, that it is required that the object offense be proven by the government. Your honor, otherwise, I submit on the briefs and thank you. Judge Wallace, Judge Baird, did you have questions? No, thank you. No, thank you. All right, we'll put three minutes on the clock for your rebuttal, Mr. Weiss. Going to count one for a moment. Just Judge Bennett started with a question about whether the object offense, that was an actual element of the attempted enticement charge. And I think Tello, if I could just point the court to Tello at page 600 F3, 1165. The court's analysis begins by saying that the element of the enticement statute requires that the statute be applied to situations in which an individual could actually be prosecuted. And then the court says the criminal indictment alleged that Tello could be charged with a criminal offense under California law, namely, and then a list of California charges that were the object offense. And then the whole analysis is about whether the conduct charge here could have proven the object offenses under California law. The court did not ask whether in general, the object sexual activity could have been charged in Arizona at all. It would have been a much easier question that way. The court's decision here clearly implies that the element, excuse me, the charges brought in the indictment are the elements of the enticement, and those are the object offenses that must be proven. And with respect to Judge Baez' question about the attempt, I would just emphasize, I think I mumbled a little bit before, but that the government here did not charge the attempted object offense. That was a different statute under Guam law. What they did charge was the was all going to take place on the base, assuming that there was any intent for it to take place. And so it would have been out of the jurisdiction, the reach of Guam's laws. Is your position that it's fundamentally unfair for the defendant to have to defend against an attempted enticement under Guam law because only the completed crime was charged? Well, Your Honor, I believe it's a fundamental principle of our criminal procedure that a defendant can only be convicted of the crime for which she was charged in the indictment, including for the elements that were charged. And if the government does not prove the elements that were charged, and here one element is the specific Guam offense that was charged, if they cannot prove that offense, then they have failed to prove their case. And that is our argument here, which I think is substantiated both in the case law and in the indictment. Tell me this, how can one complete the enticement to engage in sexual activity which requires penetration without attempting to? Again, Your Honor, the question is not the attempted enticement, it's the object sexual activity. Tell me, isn't the attempt to complete the crime inclusive, included in the completed crime? You can't do the completed crime without attempting to do it. Well, Your Honor, the courts have held that where, for example, if an indictment, I don't have the case on the tip of my tongue here, but we did cite to it. An indictment needs to name an attempt if that's the theory that the government's going to go based on. These are two separate charges with two different sets of elements. An attempt has elements that are different than a completed charge, such as specific intents as well. And so we can't just say an attempt is generally part of a completed crime. And so the indictment was close enough. The indictment here charged a particular Guam statute. I would appreciate your sending a letter telling me where that decision has been held in the Ninth Circuit. Because it seems to me an impossible determination to say that being charged with a completed crime does not include notice to the party that he's being charged with an attempted crime. Understood, Your Honor. And I would just emphasize, like the court was discussing before, that under Guam law, these are actually separate statutes, which I believe are separate issues. But 2422 reads, or could be charged, or could be charged by any person, could be charged for any crime. It doesn't say a particular crime. Anyway, we're taking way past your time. Counsel, why don't you make whatever closing point or points you want. Thank you very much, Your Honor. The final thing I was going to say, with respect to prejudice on the evidentiary issue, was just that what we have here is a distorted confession. And the Supreme Court emphasized in Arizona v. Felamente that a defendant's own confession is probably the most probative and damaging evidence that can be admitted against him. And I do believe that those videos were highly prejudicial because of that. And I thank you for all the time. All right. We thank both counsel for their helpful arguments. The case just argued will be submitted. And the final case on the argument today is the government of Guam v. Guerrero.
judges: Wallace, Bea, Bennett